# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **SARAH NAPLIN-RIDLEY,** <br><br> Plaintiff, <br><br> vs. <br><br> **MIDLAND FUNDING, LLC AND SUTTELL AND HAMMER, P.S.,** <br><br> Defendants. | Case No.: 2:20-cv-656 <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692a, *et seq.*); <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by a pair of consumers for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff, Sarah Naplin-Ridley ("Plaintiff"), is a natural person residing in Island County, Washington.

COMPLAINT
Case No. 2:20-cv-656

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

1

4. Defendant, Midland Funding, LLC ("Defendant Midland"), is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant Midland regularly attempts to collect debts alleged due another.

5. Defendant, Suttell and Hammer, P.S. ("Defendant S&H"), is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant S&H regularly attempts to collect debts alleged due another.

### IV. FACTUAL ALLEGATIONS

6. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

9. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

10. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including sending a garnishment notice to Plaintiff at an address that both Defendants knew or should have known was invalid. Defendant Midland verified shortly after the garnishment in a telephone call with Plaintiff that the latest address on file for Plaintiff was Plaintiff's actual address on Marine Dr in Stanwood, WA. Despite this, Defendant S&H, on behalf of Defendant Midland, sent an important garnishment notice to an older address (§ 1692f)).

11. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and

COMPLAINT
Case No. 2:20-cv-656

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

2

severe emotional distress.

12. Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

14. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### **COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

COMPLAINT
Case No. 2:20-cv-656

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 29th day of April, 2020

By: s/Joshua Trigsted
Joshua Trigsted, WSBA#42917
Attorney for Plaintiff

COMPLAINT
Case No. 2:20-cv-656

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1